IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | 8:08CR157 |
| v. | ) | |
| KENNETH B. JONES, | ) | MEMORANDUM AND ORDER |
| Defendant. | ) | |

This matter is before the court on defendant's objection, Filing No. 33, to the report and recommendation of the magistrate judge, Filing No. 27. Defendant filed a motion to suppress, Filing No. 14, and the magistrate judge denied the motion. The government charged the defendant in Count I of an indictment with possession of a firearm while being an unlawful user of and addicted to a controlled substance and in violation of 18 U.S.C. § 922(g)(3) and in Count II with forfeiture of said firearm in violation of 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(C). Filing No. 1.

Pursuant to 28 U.S.C. § 636, the court has conducted a *de novo* determination of those portions of the report and recommendation to which the defendant objects. *United States v. Lothridge*, 324 F.3d 599, 600-01 (8th Cir. 2003). The court has carefully reviewed the objections, relevant law, and the entire record including the transcript of the motion to suppress hearing, Filing No. 29. After reviewing the record and the relevant caselaw, the court determines it will adopt the report and recommendation of the magistrate judge in its entirety.

The court adopts the factual and legal findings of the magistrate judge, Filing No. 29 at 100-110, and will only briefly summarize the facts for purposes of this memorandum

and order. On March 3, 2008, at 5:51 p.m., Officers Kevin Vodicka and James Bruning of the Omaha Police Department responded to a call for a domestic disturbance at an apartment building, with approximately 100 apartments, concerning a black male with a knife in apartment three. The officers approached the building as a black male emerged. Officer Vodicka claims he asked defendant to show his hands but defendant walked away. Officer Bruning then grabbed the defendant who apparently tried to pull away. At that time the officers considered defendant a suspect in the domestic disturbance. According to Officer Vodicka a struggle ensued during which time he observed a protruding handgun in defendant's jacket pocket. Officer Vodicka took the gun and cuffed the defendant. At a later time the officers determined that the defendant had no involvement with the domestic disturbance.

The magistrate judge determined that the officers had reasonable suspicion to stop the defendant. He further found both officers credible. He also found the facts constituted both reasonable suspicion under *Terry* for the stop and probable cause for the arrest.[1] *Terry v. Ohio*, 392 U.S. 1, 30 (1968).

### *Discussion*

Defendant objects to the magistrate judge's determination that the officers who testified in this case are credible; that this case involved an investigative detention under *Terry* that required only reasonable suspicion of criminal activity; that reasonable suspicion existed to stop the defendant; that the officers had reasonable suspicion to stop any black

---

[1] The magistrate judge also suppressed a statement, but neither party appeals that determination.

male exiting the large apartment complex where the domestic disturbance occurred; and that Officer Vodicka saw the handgun in plain view.

　　*A. Reasonable Suspicion*

Defendant argues that the court should suppress the evidence as the officers lacked reasonable suspicion that defendant was involved in any criminal activity. Consistent with the Fourth Amendment, an officer may conduct a brief, investigatory stop only when the officer has a reasonable, articulable suspicion that criminal activity is afoot. *Terry*, 392 U.S. at 30. When determining whether a police officer had reasonable suspicion of criminal activity, the facts must be viewed in the totality of the circumstances. *United States v. Gray*, 213 F.3d 998, 1000 (8th Cir. 2000). *Terry* recognizes that "a police officer may in appropriate circumstances and in an appropriate manner approach a person for purposes of investigating possibly criminal behavior even though there is no probable cause to make an arrest." *Terry*, 392 U.S. at 22. The defendant exited the building within close proximity to the domestic disturbance apartment building. He did not comply with the officers' request that he stop and show his hands. The combination of the domestic disturbance call involving a black male, the report of a knife in the possession of this black male, the defendant's proximity to the apartment, and the behavior of the defendant are sufficient to constitute reasonable suspicion.

　　*B. Suppression - Probable Cause*

The Fourth Amendment guarantees "[t]he right of the people to be secure . . . against unreasonable searches and seizures." U.S. Const. Amend. IV. Under the Fourth Amendment, "searches conducted without a warrant issued upon probable cause are

presumptively unreasonable, subject to a few specifically established exceptions." *United States v. Escobar*, 389 F.3d 781, 784 (8th Cir. 2004).

Defendant contends this court must suppress the evidence as there existed no probable cause to arrest the defendant. The court disagrees with the defendant and agrees with the magistrate judge. The court has already determined that reasonable suspicion of criminal activity existed for the detention, and it likewise, based on the facts in this case, agrees with the magistrate judge that the officers had probable cause to arrest. Additionally, there is no testimony or evidence that indicates the gun was in anything but plain view. Although the magistrate judge found minor discrepancies between the testimony of the two officers, he found their testimony overall to be credible. Absent any evidence to the contrary, the court finds the magistrate judge's report and recommendation is affirmed in this regard and that probable cause existed to arrest the defendant.

THEREFORE, IT IS ORDERED that:

1. Defendant's motion to suppress, Filing No. 14, is denied;

2. Defendant's objections, Filing No. 33, to the report and recommendation of the magistrate judge are overruled; and

3. The report and recommendation of the magistrate judge, Filing No. 27, is adopted in its entirety.

DATED this 7th day of January, 2009.

BY THE COURT:

s/ Joseph F. Bataillon
Chief United States District Judge